**Henry Franke, Administrator, Plaintiff in Error, v. Chicago & Alton Railroad Company et al., Defendants in Error.**

1. MASTER AND SERVANT—*necessity of relation to permit action under Federal Employers' Liability Act.* Where a telegraph operator at a railroad station, who was struck and killed by the train of a railroad company whose tracks passed the station, was not an employee of such company, his administrator could not maintain the action in question under the Federal Employers' Liability Act, and it was therefore not error for the court to direct a verdict for the defendant under the counts based on that act.

2. RAILROADS—*when not liable for death of employee of another road at station.* Where plaintiff's intestate, a telegraph operator who has been employed for some time at a station of another railroad, which was not on defendant's time card either as a flag or signal station, but past which its tracks ran, knew or should be presumed to have known of the dangerous surroundings, and for some reason stepped almost immediately in front of the train of defendant which was approaching at great speed upon one of the tracks near said station at about the time the train

regularly passed, and where the preponderance of the evidence showed that the bell was ringing and the whistle sounded, the verdict for defendant based on two counts, one alleging common-law and the other wanton and wilful negligence, was not disturbed.

3. APPEAL AND ERROR—*when objection not made in time to permit complaint.* Where in a personal injury case no objection was made to testimony tending to show that the court records did not disclose that the father of plaintiff's intestate, who was born in Germany, had ever become naturalized, and where the court on plaintiff's motion promptly excluded · such testimony, plaintiff was not in position to complain on appeal.

4. MASTER AND SERVANT—*when verdict properly directed in action under Federal Employers' Liability Act.* Where in a personal injury case the original counts were based upon the Federal Employers' Liability Act, there was no evidence tending to show negligence on the part · of the defendants, and plaintiff's intestate was not employed by one and not doing any work for the other defendants at the time of the injury, it was the duty of the trial court to instruct the jury to return a verdict in favor of such defendants.

Error to the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed March 30, 1921.

BURTON & BURTON, for plaintiff in error.

C. E. POPE, for defendant in error Chicago & A. R. Co.; SILAS H. STRAWN, of counsel.

WARNOCK, WILLIAMSON & BURROUGHS, for defendant in error Wabash Ry. Co.

D. E. KEEFE and S. W. BAXTER for defendant in error Cleveland, C., C. & St. L. R. Co.; L. J. HACKNEY and S. W. MERRELL, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is a suit brought to the May term, 1917, of the circuit court of Madison county by Henry Franke, administrator of the estate of Fred Franke, deceased,

against the Chicago & Alton Railroad Company. The declaration as originally filed consisted of one count. Two additional counts were filed by leave of the court on August 30, 1917. On December 26, 1917, plaintiff was given leave to file an amended declaration making new parties defendant. On that date a declaration, consisting of six counts, was filed against the Chicago and Alton Railroad Company, the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, the Chicago & Eastern Illinois Railroad Company and the Wabash Railway Company.

The first count of the amended declaration alleged, in substance, that on January 22, 1917, the defendants were possessed of and operating a station and railroad system at Mitchell, Madison county, Illinois, under the joint control of said defendants; that defendants had in their employ one Fred Franke whose duties were to perform the work and labor of telegraph operator and station agent, setting out such duties in detail; that Franke and defendants were both engaged in interstate commerce; that at Mitchell defendants used certain tracks to the north of the station for their outbound trains coming from St. Louis, Missouri, and used certain other tracks further north of the station for their "inbound" trains or trains going towards St. Louis, Missouri; that defendants used other tracks south of the station for their "inbound" and "outbound" trains, and that all of said tracks were controlled, operated and governed by signals, telegraph messages and appliances then and there used and operated by said Fred Franke; that there was and had been for a long time an agreement between the defendants as to the use of these tracks for the "inbound" and "outbound" trains of respective defendants; that the duties of Fred Franke required him to take messages, train orders, railroad mail, etc., from the telegraph office in the station across the "outbound" track immediately north of the station

to the north side of the said "inbound" or most northern track and there deliver the same to the employees in charge of the trains of the defendant Cleveland, Cincinnati, Chicago & St. Louis Railroad Company and to perform similar services in the operation of the trains of the other defendants; that on said date while said Fred Franke in the performance of his duties as aforesaid was taking train orders or railroad mail from the station to the men in charge of a certain train of the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, then standing on the north or "inbound" track, and while crossing over the "outbound" track, the defendant, the Chicago & Alton Railroad Company, so negligently, carelessly and improperly ran, drove and managed a certain engine and train on said "outbound" track, that the said engine then and there struck and killed him. The second count is substantially the same as the first count; the third count is substantially the same as the first but alleges that the defendant Chicago & Alton Railroad Company, by its servants, recklessly drove its train at a dangerous rate of speed, to wit, 50 miles an hour; the fourth and fifth counts are substantially the same as the preceding three; the sixth count charges that the Chicago & Alton Railroad Company recklessly, wantonly and wilfully so managed and drove its train that it struck and killed Fred Franke. To this declaration each of the defendants filed a plea of the general issue. Plaintiff at the close of his evidence dismissed the case as to the Chicago and Eastern Illinois Railroad Company. At the same time the court on motion of the defendants instructed the jury to find the defendants, the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company and the Wabash Railway Company, not guilty as to all the counts of the amended declaration, and to find the defendant, the Chicago & Alton Railroad Company, not guilty as to all the counts of the

amended declaration except the fifth and sixth. The jury returned a verdict accordingly and plaintiff was then granted leave to amend the fifth and sixth counts of his declaration. The fifth count as amended charged the Chicago & Alton Railroad Company with common-law negligence, and the sixth count with wanton and wilful negligence. To these amended counts the Chicago & Alton Railroad Company filed a plea of the statute of limitations to which the court sustained a demurrer. The Chicago & Alton Railroad Company then asked leave to file a special plea that plaintiff was an alien enemy of the United States, but the court refused to grant such leave. The jury returned a verdict finding the Chicago & Alton Railroad Company not guilty. Motion for new trial was overruled, judgment entered on the verdict and plaintiff appealed.

We will first consider whether or not the judgment should be reversed as against the Chicago & Alton Railroad Company. It appears from the evidence that the Chicago & Alton Railroad Company and the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, which we will hereafter refer to as the Big Four, used the tracks north of the station at Mitchell and the Wabash Railway Company used the tracks south of the station. It also appears that neither the Chicago & Alton nor the Big Four ever used the tracks south of the station, and the Wabash never used the tracks north of the station. It is also established by the evidence that Mitchell was not on the time card of the Chicago & Alton Railroad either as a regular or as a flag or signal station; that the station agent at Mitchell was employed and paid by the Wabash and the Big Four, but that Fred Franke, who was the telegraph operator, was paid by the Wabash alone and that the deceased had no duties to perform with reference to the Chicago & Alton trains. The only negligence charged contributing to the death of the deceased is the negligence of the Chicago & Alton

Railroad Company, of which company it is clear, from the above statement of the facts, the deceased was not an employee. It should be borne in mind that all the counts of the amended declaration as to which the court instructed the jury to find the Chicago & Alton not guilty were counts under the Federal Employers' Liability Act, and it cannot be rightfully contended that a party who is not an employee can maintain an action under that act. Plaintiff therefore, not being an employee of the Chicago & Alton, could not maintain an action under that act against such company, and it was not error for the court to direct a verdict under those counts. The only counts of the amended declaration upon which the case went to the jury were the amended fifth and sixth counts of the amended declaration, charging common-law negligence and wanton and wilful negligence, respectively.

It appears that on the morning of the accident a Big Four train had stopped, or was in the act of stopping, about opposite the station on the north side thereof and on the north or "inbound" track. At the same time a Chicago & Alton passenger train was approaching the station from the west on the "outbound" track immediately north of and next to the station. Fred Franke came out of the door of the station with his back turned somewhat to the west and to the approaching Chicago & Alton train and ran or walked rapidly up the platform towards the east some 50 feet and then turned suddenly across the south or "outbound" track with some papers in his hand presumably to go to the Big Four train on the north or "inbound" track. For some reason he stepped almost immediately in front of the Chicago & Alton train and was struck and killed. What the papers were which he had in his hand did not appear from the proof. There was contradiction in the evidence as to whether the bell was ringing and whether the whistle was sounded by the engineer of the Chi-

cago & Alton train as it approached the station, but we are of the opinion that the preponderance of the evidence shows that the bell was ringing and that the whistle was sounded. There was also considerable proof as to the dangerous nature of the tracks and surroundings at the station, but deceased had been employed at Mitchell for some time and knew or should be presumed to have known the dangerous nature of the surroundings. It further appeared that the acci-dent happened at just about the time the Chicago & Alton train regularly passed by said station. From a consideration of all the proof we are of opinion that it fully sustained the verdict of the jury upon the fifth and sixth amended counts.

It is also urged as error that the trial court per-mitted the attorney for the Chicago & Alton Railroad Company to examine witnesses tending to show that the records of the county and circuit court did not disclose that the father of the deceased, who was born in Germany, had ever become naturalized. No objection was made to these questions as they were asked but, when all of such testimony was in, attor-neys for plaintiff moved the court that it be excluded. The court promptly granted the motion upon the grounds that such evidence was not admissible under the pleadings. The trial court did all that plaintiff requested at the time when requested and plaintiff is therefore not in position on appeal to urge error in this behalf.

Some objection is urged by appellant to six of the instructions given for the railroad company. These instructions declare the necessity on the part of plain-tiff below of proving ordinary care on the part of deceased and negligence on the part of said defendant, and we deem it sufficient to say that when considered as a whole they fully and fairly advised the jury as to the law applicable to the pleadings and evidence.

In considering whether the trial court's action in

directing a verdict in favor of the Big Four and Wabash Companies was error, it should be borne in mind that all the counts of the declaration at the time this action was taken were under the Federal Employers' Liability Act. That act imposes liability upon any common carrier while engaged in interstate commerce for an injury to its employees resulting "in whole or in part from the negligence of any of the officers, agents or employees of such carrier." Negligence to some degree on the part of the carrier or some of its employees is an essential prerequisite to a recovery under the Federal Employers' Liability Act. (*Staley v. Illinois Cent. R. Co.*, 268 Ill. 356, quoting from *Seaboard Air Line Ry. v. Horton*, 233 U. S. 492, 8 N. C. C. A. 834.) In the instant case there was no evidence tending to show any negligence upon the part of the Big Four or Wabash Companies, or any of their employees. Further than that, it appeared from the proof that deceased was not an employee of the Big Four railroad company and also that he was not engaged in doing any work for the Wabash Railway Company at the time of the accident. It was therefore the duty of the trial court to instruct the jury to return a verdict in favor of those companies. The judgment of the trial court is affirmed.

*Affirmed.*